Parker C. J.
delivered the opinion of the Court. None of the causes alleged for quashing the proceedings is maintained.
*475 1. The petition for the road was presented on the 9th of May. The time appointed for a hearing was the 27th of August following. Notice was ordered to be given thirty days before that time. The commissioners return that reasonable notice was given, and we must presume that it was given pursuant to their order. Moreover, that such was the fact appears by the sheriff’s return on the order of notice ; which was properly exhibited in evidence, a petition for a certiorari being an application to our discretion.
2. The commissioners also notified all persons whom they knew to be interested in the land through which the road would pass. They certify that the inhabitants of Wendell did appear, and that many individuals did also appear, and that they had taken a view of the route proposed, after which they adjourned to the 22d of October. This adjournment must be presumed to have been known to the parties interested ; indeed they were bound to take notice of it, as they would be of an adjourned term of a court. The parties appearing cannot complain of shortness of notice unless they apply for further time and are refused. This answers the second objection.
3. It is complained that there was no notice of the location of the road ; by which it is meant, that it does not appear, that when the commissioners travelled over the land and surveyed the route, parties interested had been notified to appear and be present with them.[1] But this view was only preparatory to the actual location, which is a judicial act, and that was on the 22d of October, at which time the parties might have appeared, having had notice that a final determination would then be made, and the minutes of the commissioners were then before them and open to inspection, and might have been objected to. The parties were present and heard before the adjudication took place.
4. It is objected that the commissioners entered into a contract for constructing the road, before they made their return to the Court of Sessions. This is immaterial, for by the statute then in force it does not appear that the Court of Ses *476 sions had any power over the proceedings, and the doings of the commissioners were complete except the making of their return. The contract might be made before, although the agent could not execute it perhaps until the return was made.
5. It was objected that no damage was awarded to Jabez Sawyer junior, and no reason given for omitting him ; but it is stated, and not denied, that the only land in virtue of which he could claim damages was supposed to belong to his father, to whom damages were awarded ; and Jabez Sawyer junior was present as the agent of his father.
6. As to the objection that the contract was made by the chairman of the commissioners, the statute authorizes the commissioners to cause roads to be constructed, and the manner of doing it was left to their discretion.

 See Rutland v. County Com. of Worcester, 20 Pick. 71.